IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRITTANY HACKNEY,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:16-06569

GOLDEN GIRL, INC. and
CECILIA ROSS and PHILADELPHIA
INDEMNITY INSURANCE COMPANY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Brittany Hackney's ("Hackney") Motion to Remand and a motion for attorney's fees and costs contained therein. ECF No. 4. Hackney contends that removal is improper because Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") has removed the case more than one year after it was brought in Wayne County Circuit Court and therefore should be remanded to that court. For the reasons stated below the Court **GRANTS** the Motion to Remand but **DENIES** the motion for attorney's fees and costs.

**I.    Background**

Hackney commenced this suit on June 8, 2015 by filing a complaint in Wayne County Circuit Court, claiming that Defendants Cecilia Ross ("Ross") and Golden Girl, Inc. ("Golden Girl") negligently caused Hackney serious physical injury. At the time of the injury Hackney was a resident of Golden Girl, a home for teenagers in the care of the State of West Virginia. On June 8, 2013, Golden Girl organized a boating activity on Cave Run Lake in Morehead, Kentucky. Ross, an employee of Golden Girl, was operating a boat owned by Golden Girl. Hackney was tubing

behind the boat. During the day's activities, Hackney's foot was nearly amputated when a tow rope became wrapped around her foot while Ross simultaneously accelerated the boat. Golden Girl was insured by Philadelphia at the time. Before suit commenced, on June 21, 2013, Philadelphia denied coverage to Golden Girl and declined to defend any suit.

Hackney sued Golden Girl and Ross on June 8, 2015. Both Golden Girl and Ross are citizens of West Virginia. Hackney did not join Philadelphia. Through July, August, and September Golden Girl responded to discovery and Hackney responded to Golden Girl's Partial Motion to Dismiss. The parties also agreed to extend the deadline for joinder and amendments to the pleadings until September 30, 2015. And in December the parties deposed an orthopedic surgeon.

On February 25, 2016, Hackney filed a partial motion for summary judgment solely addressing liability issues. Golden Girl did not respond. On March 11, 2016, the Circuit Court granted Hackney's Motion for Partial Summary Judgment. The Circuit Court held an inquiry on damages on April 14, 2016. On April 26, 2016, the Circuit Court entered a judgment against Golden Girl in the amount of $1,325,695.90 plus costs. Ross was dismissed from the case. Hackney then entered into a post-judgment agreement with Golden Girl which in exchange for $100,000 and an assignment of claims that Golden Girl had against Philadelphia, Hackney would not seek to enforce the judgment against Golden Girl. On May 31, 2016, Hackney requested leave to amend her Complaint to add Philadelphia and the newly assigned claims.[1] The Circuit Court granted leave to amend on June 10, 2016. On June 17, 2016 Hackney filed her amended complaint with the Circuit Court. On June 21, 2016 Philadelphia removed the case to this Court. Plaintiff

---

[1] The claims against Philadelphia include *inter alia*, bad faith, unfair claims settlement practices, and breach of contract.

subsequently filed a motion to remand the case to the Circuit Court because Philadelphia removed the case more than one year after the case was brought, claiming that it was not bad faith not to join Philadelphia earlier in the litigation. The Court agrees.

## II. Legal Standard

A defendant must file a notice of removal within thirty days after receipt of the initial pleading, but "a case may not be removed . . . more than 1 year after commencement of the action unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b); (c). "When removal is challenged, the defendant has the burden of establishing federal jurisdiction." *Mansilla-Gomez v. Mid-South Erectors, Inc.*, No. 0:14-cv-00308, 2014 WL 1347485, at *1 (D.S.C. Apr. 3, 2014) (citing *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).

The Fourth Circuit has not yet drawn the line between strategic avoidance of federal jurisdiction and bad faith. Nonetheless, a number of district courts have helped illuminate the issue. In general, plaintiffs are the masters of their complaints. *Holmes Grp. Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). A plaintiff may draft a complaint such that it relies solely on state claims or foregoes certain remedies or damages to avoid federal jurisdiction. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1273 (D.N.M 2014) "The use of strategy to defeat federal jurisdiction does not constitute bad faith." *Johnson v. HCR Manorcare LLC*, No. 1:15-cv-189, 2015 WL 6511301, at *4 (N.D. W. Va. Oct. 28, 2015); *see also Aguayo*, 59 F. Supp.3d at 1273 ("There is nothing wrong with plaintiffs having a preference for state court, nor is there anything inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction."). To prove bad faith a defendant must be able to show "forum manipulation." *Johnson*, 2015 WL 6511301, at *4; *see also Brown v. Wal-Mart Stores, Inc.*, No. 5:13-cv-00081,

2014 WL 60044, at *2 (W.D. Va. Jan. 7, 2014) (finding bad faith where plaintiff deliberately delayed informing defendant that the claim exceeded the amount in controversy requirement). "Bad faith should not refer simply to a desire to stay in state court." *Aguayo*, 59 F. Supp.3d at 1273.

### III. Discussion

Philadelphia opposes remand because it insists that Hackney acted in bad faith by not joining Philadelphia earlier in the litigation, colluded with Golden Girl to defeat removal, and fraudulently joined Golden Girl and Ross to avoid federal jurisdiction. Philadelphia does not present any evidence supporting its claims and therefore cannot sustain its removal to this Court.

Philadelphia's first argument, that it should have been joined earlier in the litigation, is premised on the assumption that had it been joined from the first it could have removed the case within one year once judgment had been rendered against Golden Girl and Ross was dismissed from the case. Philadelphia's argument is meritless.

No West Virginia law requires a plaintiff to join a defendant's insurer in a suit against the defendant. Indeed, Philadelphia strangely makes this point in its briefing. Quoting favorably from *Christian v. Sisemore*, 383 S.E.2d 810, Syl. Pt. 3 (W. Va. 1989), Philadelphia explains "[a]n injured plaintiff may bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage." Def's. Resp. 5, ECF No. 9 (quoting *Christian*, 383 S.E.2d at Syl. Pt. 3). Of most import, and seemingly lost on Philadelphia, is the permissive nature of the quote. The West Virginia Supreme Court of Appeals determined that a plaintiff "may" join a defendant's insurer. *Christian*, 383 S.E.2d at Syl. Pt. 3. It did not command plaintiffs to join insurers. *Id.*

A plaintiff is not acting in bad faith if he or she crafts his or her complaint to avoid federal jurisdiction. *Aguayo*, 59 F. Supp.3d at 1273. Yet even before addressing Hackney's motivation for failing to join Philadelphia, it is not an insignificant point that Philadelphia has provided no evidence that it was Hackney's goal to avoid federal jurisdiction. But even if she was trying to avoid federal jurisdiction and thought not joining Philadelphia would accomplish her goal, Hackney would not have acted in bad faith. After all, Hackney was under no obligation to join Philadelphia, and a plaintiff is the master of his or her complaint and may use strategy to defeat federal jurisdiction. *Johnson*, 2015 WL 6511301, at *4.

Moreover, Philadelphia's counterfactual argument that had it been joined in the initial complaint, it would have removed the case before the one-year limit once judgment had been rendered and the non-diverse parties were dismissed from the case, is purely self-serving. Had Hackney joined Philadelphia in her initial complaint, it is not a *fait accompli* that the case would have progressed exactly as it had. It likely would have progressed more slowly since there was an additional party involved, or it is possible that it could have progressed more quickly. All this is to say that Philadelphia's argument is nothing but speculation. Philadelphia has not presented any evidence, outside an accounting of coincidences, that Hackney acted in bad faith by not joining Philadelphia.

Philadelphia also maintains that Hackney and Golden Girl colluded to avoid federal jurisdiction and their collusion is perfectly evident from the way Hackney and Golden Girl litigated the case in state court. Philadelphia notes that Golden Girl's hearing for its Partial Motion to Dismiss was cancelled; the parties deposed only one witness, an orthopedic surgeon; Golden Girl did not respond to Hackney's Motion for Partial Summary Judgment; Golden Girl settled for an inquiry on damages rather than its initial request for a jury trial; and Hackney waited one month

before filing her Motion for Leave to Amend to add Philadelphia to the case. All of these instances, Philadelphia contends, demonstrate that Golden Girl and Hackney colluded together to delay the case so that Philadelphia could not remove it to federal court.

Philadelphia's argument cannot be sustained. At its core Philadelphia's argument appears to contend that Golden Girl and Hackney agreed that Golden Girl would not defend the suit but the parties would string the suit along just long enough to prevent Philadelphia from removing the case once a judgment had been entered against Golden Girl. Philadelphia then points to specific instances where it appears Golden Girl had no interest in defending the suit as evidence that the parties were colluding. This is where Philadelphia's argument runs aground.

Philadelphia takes issue with the way Golden Girl litigated the case, appearing to expect a more vigorous defense. Yet, had Golden Girl put up a more spirited defense the case would likely have taken longer to resolve. Had Golden Girl hired expert witnesses and taken numerous depositions, scheduled hearings for its Partial Motion to Dismiss, demanded a jury trial to determine damages, and filed a response to Hackney's Motion for Partial Summary Judgment, there is little hope that the case would have been resolved within a year.

Moreover, Philadelphia's list of suspicious coincidences and missed opportunities is not evidence that the parties were colluding with the intent to manipulate the forum. *See Aguayo*, 59 F. Supp.3d at 1276-77 (finding that a defendant must have concrete evidence of the subjective intent of the plaintiff or proof that the plaintiff engaged in no more than a scintilla of litigation to prove bad faith). The docket sheet from the Circuit Court reveals that the Partial Motion to Dismiss attacked only Hackney's demand for punitive damages. It did not address any issues of liability or other forms of damages. And Golden Girl cancelled the hearing because it wanted to take discovery before going to a hearing. The record also reveals that the parties exchanged written discovery in

addition to deposing the orthopedic surgeon. Although Golden Girl did not respond to the Motion for Partial Summary Judgment, there is good reason to think Golden Girl had no plausible defense to liability. Golden Girl employed Ross, owned the boat, arranged the outing, owned the equipment which caused the injury, and served as guardian for Hackney.

Turning to the damages phase, foregoing a jury trial on damages does not create an inference of collusion to avoid federal jurisdiction. In fact, it does not seem to point in one direction or the other. Whether a jury or the court determines the damages, both must find that Hackney presented enough evidence to support her damages claims. Here the Circuit Court found that Hackney presented sufficient evidence to prove her damages by a reasonable degree of certainty. Lastly, although Hackney waited one month before filing her Motion for Leave to Amend to add Philadelphia to the suit, Philadelphia has presented no evidence demonstrating that it was Hackney's intent to manipulate the forum to avoid removal. Speculation will not sustain a claim of bad faith. *See Aguayo*, 59 F. Supp.3d at 1276 ("The suspicious timing of a dismissal, a drop in a settlement offer to the removal spoiler after the one-year mark, or an ambiguous comment about how the plaintiff plans to drop the removal spoiler before trial, will not suffice.").

At bottom, the record from the Circuit Court demonstrates that Hackney had a valid personal injury claim against Golden Girl and Ross; Hackney actively litigated the claim to a successful result; and Golden Girl, possibly realizing that it had a weak defense, attempted to mitigate the damages award. Philadelphia has not presented any evidence that it was even Hackney's goal to defeat removal much less that Hackney acted in bad faith. It is certainly possible that Hackney employed a litigation strategy to avoid federal jurisdiction, but strategy is not bad faith and Philadelphia has failed to produce any evidence that would lead the Court to find that Hackney acted in bad faith.

Whether Hackney fraudulently joined Ross and Golden Girl to avoid removal is thus rendered moot because Philadelphia could not have removed the case even if Ross and Golden Girl were not parties.

Lastly, Hackney makes a perfunctory request for attorney's fees and costs at the end of her Motion for Remand. Hackney included no argument nor did she submit an accounting of the fees and costs incurred to file her Motion to Remand. The motion is therefore denied.

The Court **GRANTS** Plaintiff's Motion to Remand, **DENIES** the motion for attorney's fees and costs contained therein, ECF No.4, and dismisses as **MOOT** Defendant's Motion to Bifurcate, Stay Discovery and for a Protective Order, ECF No. 5; Defendant's Motion to Dismiss Plaintiff's Bad Faith Claim, Unfair Trade Practices Claim, and Punitive Damages Claim, ECF No. 7; and Plaintiff's Motion to Stay, ECF No. 10.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 8, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE